# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF GEORGIA
# SAVANNAH DIVISION

KENNETH NEWSOME,           )
                           )
    Petitioner,            )
                           )
v.                         )  Case No. CV412-253
                           )
WILLIAM C. DANFORTH,       )
                           )
    Respondent.            )

## REPORT AND RECOMMENDATION

"After hearing testimony that Kenneth Newsome violated a protective order, drove to his wife's house, and opened fire on her and their baby son when they came outside the house, a Chatham County jury found Newsome guilty of aggravated assault (Counts 1 and 2), aggravated stalking (Count 3), cruelty to a child (Count 4), and possession of a firearm during the commission of a felony (Count 6)."[1] *Newsome v. State*, 289 Ga. App. 590, 590 (2008). Sentenced to serve "35 years to serve and 40

---

[1] The federal government separately prosecuted him for being a felon in possession of the gun that he used in that crime. *See United States v. Newsome*, 475 F.3d 1221, 1222 (11th Cir. 2007), 28 U.S.C. § 2255 relief denied, *Newsome v. United States*, 2009 WL 6430857 at *1 (S.D. Ga. Jul. 1, 2009) (*Newsome II*).

1

years on probation, to be served consecutively to his federal sentence," *id.*, he pursued direct and collateral appeals, doc. 6-1 at 2-3, and now petitions this Court for 28 U.S.C. § 2254 relief. Doc. 1. It must be denied.

## I. ANALYSIS

As he did in his federal § 2255 proceeding, Newsome complains that he received ineffective assistance of counsel (IAC).[2] In Grounds One and Two he faults his trial and appellate lawyers for failing to (a) adequately

---

[2] *Strickland v. Washington*, 466 U.S. 668 (1984) created a two-part test for determining whether counsel's assistance was ineffective. First, the movant must demonstrate that his attorney's performance was deficient, which requires a showing that "counsel made errors so serious that counsel was not functioning as the 'counsel' guaranteed by the Sixth Amendment." *Id.* at 687. Second, he must demonstrate that the defective performance prejudiced the defense to such a degree that the results of the trial cannot be trusted. *Id.*

Under the performance prong, the reasonableness of an attorney's performance is to be evaluated from counsel's perspective at the time of the alleged error and in light of all the circumstances. *Id.* at 690. The movant carries a heavy burden, as "reviewing courts must indulge a strong presumption that counsel's conduct falls within the wide range of professional assistance; that is, the [movant] must overcome the presumption that, under the circumstances, the challenged action might be considered sound trial strategy." *Id.* at 689. Indeed, the movant must show that "'no competent counsel would have taken the action that his counsel did take.'" *Ford v. Hall*, 546 F.3d 1326, 1333 (11th Cir. 2008) (quoting *Chandler v. United States*, 218 F.3d 1305, 1315 (11th Cir. 2000) (en banc)).

Under the prejudice prong, the movant must establish that there was a reasonable probability that the results would have been different but for counsel's deficient performance. *Kimmelman v. Morrison*, 477 U.S. 365, 375 (1986); *Strickland*, 466 U.S. at 696. "A reasonable probability is a probability sufficient to undermine confidence in the outcome." *Strickland*, 466 U.S. at 694.

communicate with him; (b) investigate the case; (c) file a speedy trial demand; (d) file a motion to suppress; (e) obtain exculpatory evidence; (f) "address the double jeopardy issue"; and (g) he further faults counsel for blocking his "efforts subsequent to trial to pursue post-conviction remedy by abandoning [Petitioner's] grounds and filing despite[Petitioner's] request to proceed *pro se*, and attempted to force Petitioner to enter a guilty plea." Doc. 1 at 5-7. In Ground Three Newsome insists that the prosecution

> knowingly used false and perjured testimony by state witnesses; refused to disclose exculpatory evidence it knew about and I requested which the state denied and such documents became available after my trial (*Brady v. Maryland*). Illegally obtained evidence used at trial of which forensic testing was not adequately done (finger printing) as well as evidenced used and warrant (search) not used. Prosecutor's "qualification and status" with the state bar at time of trial in question.

*Id.* at 8. Finally, Ground Four presents a similar string of conclusions. *Id.* at 10.

As this Court explained to Newsome in *Newsome II*, however, petitioners cannot simply laundry-list their claims and hope that the court will develop (hence, litigate) them on their behalf. *Newsome II*, 2009 WL 6430857 at * 2; *Holmes v. United States*, 876 F.2d 1545, 1553 (11th Cir.

3

1989) (no hearing required on claims "which are based on unsupported generalizations"); *Rodriguez v. United States*, 473 F.2d 1042, 1043 (5th Cir. 1973) (no hearing required where petitioner alleged no facts to establish truth of his claims beyond bare conclusory allegations).

Indeed, the Antiterrorism and Effective Death Penalty Act of 1996 (AEDPA) placed "a new constraint on the power of a federal habeas court to grant a state prisoner's application for a writ of habeas corpus with respect to claims adjudicated on the merits in state court." *Williams v. Taylor*, 529 U.S. 362, 412 (2000). Thus,

> [t]he § 2254 Rules and the [28 U.S.C.] § 2255 Rules mandate "fact pleading" as opposed to "notice pleading," as authorized under Federal Rule of Civil Procedure 8(a). Coupled with the form petition or motion, the federal rules give the petitioner or movant ample notice of this difference. If, for example, Rule 2(c)(1) and (2) of the § 2254 Rules should cause a petitioner (or his counsel) to doubt what the words "specify all grounds" and "state the facts supporting each ground" mean, the CAUTION contained in paragraph (9) of the "Instructions" should remove such doubt. As the Supreme Court has observed, "[h]abeas corpus petitions must meet heightened pleading requirements, *see* 28 U.S.C. § 2254 Rule 2(c)." *McFarland v. Scott*, 512 U.S. 849, 856, 114 S. Ct. 2568, 2572, 129 L.Ed.2d 666 (1994).

> The reason for the heightened pleading requirement -- fact pleading -- is obvious. Unlike a plaintiff pleading a case under Rule 8(a), the habeas petitioner ordinarily possesses, or has access to, the evidence necessary to establish the facts supporting his collateral claim; he

necessarily became aware of them during the course of the criminal prosecution or sometime afterwards. The evidence supporting a claim brought under the doctrine set forth in *Brady v. Maryland*, 373 U.S. 83, 83 S. Ct. 1194, 10 L.Ed.2d 215 (1963), for example, may not be available until the prosecution has run its course. The evidence supporting an ineffective assistance of counsel claim is available following the conviction, if not before. Whatever the claim, though, the petitioner is, or should be, aware of the evidence to support the claim before bringing his petition.

*Borden v. Allen*, 646 F.3d 785 810 (11th Cir. 2011) (footnote omitted).

That means that Newsome must not just raise, but *argue* his claims. *Fils v. City of Aventura*, 647 F.3d 1272, 1284 (11th Cir. 2011) ("district courts cannot concoct or resurrect arguments neither made nor advanced by parties."); *id.* at * 9 (a district court "may *not*, however, act as a plaintiff's lawyer and construct the party's theory of liability from facts never alleged, alluded to, or mentioned during the litigation."). That includes citation to the trial and state habeas court records:

> [A]ll of these principles of law would mean nothing if district courts were required to mine the record, prospecting for facts that the habeas petitioner overlooked and could have, but did not, bring to the surface in his petition. Making district courts dig through volumes of documents and transcripts would shift the burden of sifting from petitioners to the courts. With a typically heavy caseload and always limited resources, a district court cannot be expected to do a petitioner's work for him. *Cf. Adler v. Duval County School Board*, 112 F.3d 1475, 1481 n. 12 (11th Cir. 1997) (noting in a civil case that, absent plain error, "it is not our place as an appellate

5

court to second guess the litigants before us and grant them relief ... based on facts they did not relate."); *Johnson v. City of Fort Lauderdale*, 126 F.3d 1372, 1373 (11th Cir. 1997) ("[W]e are not obligated to cull the record ourselves in search of facts not included in the statements of fact."). The Seventh Circuit memorably said that appellate judges "are not like pigs, hunting for truffles buried in briefs." *United States v. Dunkel*, 927 F.2d 955, 956 (7th Cir. 1991). Likewise, district court judges are not required to ferret out delectable facts buried in a massive record, like the one in this case, which was more than 25,000 pages of documents and transcripts.

*Chavez v. Sec'y Fl. Dep't of Corrs.*, 647 F.3d 1057, 1061 (11th Cir. 2011).

It thus remains Newsome's burden to plead and prove his claims, including citation to the trial and state habeas records. He must plead and ultimately show, for example, that the state direct and collateral appeal courts erred in handling the claims presented here, and also *why* those rulings are "contrary to, or involved an unreasonable application of, clearly established Federal law," 28 U.S.C. § 2254(d)(1), or "resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding." 28 U.S.C. § 2254(d)(2). *See, e.g., Williams*, 529 U.S. at 390; *McKinney v. Jarriel*, 2010 WL 4313394 at * 4 (S.D. Ga. Oct. 8, 2010).

Put another way, Newsome must show "this Court where he raised [an issue] before the state appellate and habeas courts," *French v. Carter*,

828 F.Supp.2d 1309. 1335 (S.D. Ga. 2012), and in the process defeat procedural defenses (as have been raised here at doc. 6-1 at 5-13). *Id.* Plus he must overcome two lawyers of deference on his IAC claims. Thus, in

> addition to the deference to counsel's performance mandated by *Strickland*, the AEDPA adds another layer of deference -- this one to a [S]tate court's decision-- when we are considering whether to grant federal habeas relief from a [S]tate court's decision." *Rutherford v. Crosby*, 385 F.3d 1300, 1309 (11th Cir. 2004) (citation omitted). Thus, [the petitioner] not only has to satisfy the elements of the *Strickland* standard, but he must also show that the State court applied Strickland to the facts of his case in an objectively unreasonable manner.

*Williams v. Allen*, 598 F.3d 778, 789 (11th Cir. 2010) (quotes and cite omitted); *see also DeYoung v. Schofield*, 609 F.3d 1260, 1283 n. 22 (11th Cir. 2010); *McKinney*, 2010 WL 4313394 at * 6. So for trial-counsel IAC claims, for example, a petitioner must show that counsel's error had enough of a substantial and injurious effect or influence in determining the jury's verdict so as to undermine confidence in it. *Fortson v. Davis*, 2011 WL 5148662 at * 6 (S.D. Ga. Oct. 6, 2011). He also must show *how* the claimed deficiency, in light of the *totality* of the evidence, made it "reasonably probable" that a different result would have occurred.

*Cooper v. Sec'y, Dep't of Corrs.*, 646 F.3d 1328, 1353-54 (11th Cir. 2011). That means detailing and record-citing the various layers of evidence and counter-evidence and illuminating the pivotal difference the act or omission would have made. *Miller v. Danforth*, 2012 WL 727618 at *4 (S.D. Ga. Mar. 6, 2012).

Newsome has come nowhere close to meeting any of these requirements. *All* of his claims are simply laundry-listed or consist of simple declarations that someone did something wrong, and (impliedly) this Court should therefore mine the record in search of support: Doc. 1 at 5 (Ground One), 7 (Ground Two), 8 (Ground Three), & 10 (Ground Four); *see also* Doc. 9 (his three-page reply brief simply declares that he presented his claims and that the record supports them, but he fails to actually cite to anything in the record). Again, "[c]onclusory claims that something was done wrong fetch no § 2254 relief, not even an evidentiary hearing." *French*, 828 F. Supp. 2d at 1334-35; *Johnson v. United States*, 2011 WL 3320565 at *3 (S.D. Ga. Aug. 1, 2011). His implied invitation -- for this Court to hunt for his truffles -- is rejected.

## II. CONCLUSION

Kenneth Newsome's motion for a hearing (doc. 10) is **DENIED**. His 28 U.S.C. § 2254 petition must be **DISMISSED WITH PREJUDICE**. Applying the Certificate of Appealability (COA) standards set forth in *Brown v. United States*, 2009 WL 307872 at * 1-2 (S.D. Ga. Feb. 9, 2009), the Court discerns no COA-worthy issues at this stage of the litigation, so no COA should issue. 28 U.S.C. § 2253(c)(1); *see Alexander v. Johnson*, 211 F.3d 895, 898 (5th Cir. 2000) (approving *sua sponte* denial of COA before movant filed a notice of appeal). And, as there are no non-frivolous issues to raise on appeal, an appeal would not be taken in good faith. Thus, *in forma pauperis* status on appeal should likewise be **DENIED**. 28 U.S.C. § 1915(a)(3).

**SO REPORTED AND RECOMMENDED** this 17th day of June, 2013.

UNITED STATES MAGISTRATE JUDGE
SOUTHERN DISTRICT OF GEORGIA